IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **J.D.,** by and through his parent **SHAWNA DICINTIO,** an individual, | Case No. 3:15-cv-02328-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **HILLSBORO SCHOOL DISTRICT,** an Oregon public school district; **MIKE SCOTT,** an individual, **TED ZEHR,** an individual, **BRAD GREENWOOD,** an individual, **BRETT TROSCLAIR,** an individual, **DEREK DUGGAN,** an individual, | |
| Defendants. | |

Kevin C. Brague, KIVEL AND HOWARD, LLP, 111 S.W. Fifth Avenue, Suite 1775, Portland, OR 97204. Of Attorneys for Plaintiff.

Karen M. Vickers, Blake H. Fry, and Beth F. Plass, MERSEREAU SHANNON LLP, One S.W. Columbia Street, Suite 1600, Portland, OR 97258. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff J.D. ("Plaintiff"), a minor and former student of Century High School in

Washington County, Oregon, brings this suit against the Hillsboro School District ("School

District") and several of the School District's employees: Mike Scott ("Scott"), the School

District Superintendent; Ted Zehr ("Zehr"), the principal of Century High School; Brad

Greenwood ("Greenwood"), Dean of Students at Century High School; Brett Trosclair

("Trosclair"), a teacher; and Derek Duggan ("Duggan"), a teacher (collectively, "individual

Defendants"). Before the Court is the individual Defendants' Motion to Dismiss Plaintiff's

claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Motion is

granted in part and denied in part.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no

cognizable legal theory to support the claim or when the complaint lacks sufficient factual

allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs.,

Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual

allegations, the court must accept as true all well-pleaded material facts alleged in the complaint

and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-

Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*,

629 F.3d 992, 998 (9th Cir. 2010).

To be entitled to a presumption of truth, allegations in a complaint "may not simply recite

the elements of a cause of action, but must contain sufficient allegations of underlying facts to

give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*,

652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must

be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2

(9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are

couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an

entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the

PAGE 2 – OPINION AND ORDER

expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

"A complaint should not be dismissed unless it appears beyond doubt the plaintiff can

prove no set of facts in support of his claim that would entitle him to relief." *Clegg v. Cult*

*Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). Dismissal under Federal Rule of Civil

Procedure 12(b)(6) is generally without prejudice, and dismissal without leave to amend is

proper only in "extraordinary" cases. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

## BACKGROUND

Plaintiff filed this suit on December 14, 2015 against the School District and the

individual Defendants, alleging seven claims: (1) violations of Plaintiff's First Amendment right

to freedom of speech, brought under 42 U.S.C. § 1983 ("§ 1983") ("First Claim"); (2) violations

of Plaintiff's Fourteenth Amendment right to equal protection, brought under § 1983 ("Second

Claim"); (3) violations of Title IX ("Third Claim"); (4) violations of Section 504 of the

Rehabilitation Act ("Fourth Claim"); (5) common law intentional infliction of emotional distress

("Fifth Claim"); (6) common law negligence ("Sixth Claim"); and (7) declaratory relief

("Seventh Claim").

In his Complaint, Plaintiff alleges that he was speaking with another student at a Century

High School assembly in March of 2015 when Trosclair "turned on the boys and told them to

shut up, I'll kill you, and that he was going to throw them down the stairs."[1] Plaintiff is openly

homosexual, and both Plaintiff and the student that he was speaking with were special education

---

[1] Dkt. 1 ¶ 13.

students receiving special education services. According to Plaintiff, Trosclair was placed on paid administrative leave as a result of the incident. Plaintiff asserts that during the week that Trosclair was on administrative leave, Trosclair and other unnamed teachers encouraged a large number of students to walk out of class to protest Trosclair's discipline. Plaintiff alleges that Trosclair and the other teachers' encouragement "condoned and supported a hostile education environment and led to threats of violence and death against Plaintiff and fear of imminent bodily harm."[2] Plaintiff does not specify who threatened him with violence and death, other than Trosclair at the school assembly.

Plaintiff alleges that School District employees had previously subjected him to several instances of hostile and discriminatory conduct. Plaintiff describes several incidents, including the following: in May of 2014, Greenwood refused to assist Plaintiff while Plaintiff was being physically and verbally assaulted in the school lunchroom; in September of 2014, Greenwood called Plaintiff a "girl;" and also in September of 2014, Duggan told Plaintiff to stop being a "diva" and a "priss."[3] According to Plaintiff, Zehr refused to speak with him about the alleged hostile and discriminatory conduct and failed to enforce relevant School District policies. Plaintiff alleges that the School District removed him from school because of these incidents and denied him a public education.

## DISCUSSION

The individual Defendants move to dismiss Plaintiff's claims against them. Plaintiff agrees to dismiss the individual Defendants from his Third, Fourth, Fifth, Sixth, and Seventh

---

[2] *Id.* ¶ 15.

[3] *Id.* ¶ 16.

Claims for relief.[4] Dkt. 9 at 3 (Plaintiff's Response). Plaintiff, however, opposes the individual Defendants' motion to dismiss his First and Second Claims.

Plaintiff brings his First and Second Claims under § 1983, which provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." A plaintiff must allege two essential elements to state a claim under § 1983: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). The individual Defendants move to dismiss Plaintiff's First and Second Claims on the grounds that Plaintiff fails specifically to allege which individual Defendants deprived him of which constitutional rights. The individual Defendants do not make any other argument in support of their motion to dismiss Plaintiff's First and Second Claims.

Plaintiff labels his First Claim as a claim for violations of his First Amendment right to freedom of speech. In Plaintiff's First Claim, he alleges, in part, that "Defendants violated Plaintiff's constitutional right to freedom of speech by threatening to kill him," referring to the incident with Trosclair at the school assembly. Dkt. 1 ¶ 19. Plaintiff's First Claim also identifies Scott and Zehr and alleges that they failed properly to train and supervise their employees. *Id.* ¶ 21. Thus, Plaintiff alleges that Trosclair, Scott, and Zehr deprived him of his First Amendment right to freedom of speech, and Trosclair, Scott, and Zehr's motion to dismiss Plaintiff's First Claim is denied.

---

[4] The Court notes that although Plaintiff's Third and Fourth Claims name only the School District as a defendant, Plaintiff agrees to dismiss the individual Defendants from these claims. *Id.* ¶¶ 31-36 (Third Claim); *Id.* ¶¶ 37-42 (Fourth Claim).

Plaintiff labels his Second Claim as a claim for violations of his Fourteenth Amendment right to equal protection. In Plaintiff's Second Claim, he alleges, in part, as follows:

> The [School] District violated Plaintiff's constitutional right to equal protection under the laws of [the] nation and the state of Oregon when Defendant threatened to kill Plaintiff—a homosexual special education student—and then removed Plaintiff from a public school based on his homosexuality.

*Id.* ¶ 25. Here, Plaintiff appears again to refer to the incident with Trosclair at the school assembly. Plaintiff, however, alleges that the School District violated his Fourteenth Amendment right to equal protection because of the incident. Plaintiff does not state that Trosclair violated his Fourteenth Amendment right to equal protection. Thus, Trosclair's motion to dismiss Plaintiff's Second Claim is granted. Plaintiff's Second Claim, however, identifies Scott and Zehr and alleges that they failed properly to train and supervise their employees. *Id.* ¶ 28. Thus, Plaintiff alleges that Scott and Zehr deprived him of his Fourteenth Amendment right to equal protection, and Scott and Zehr's motion to dismiss Plaintiff's Second Claim is denied.

Although Plaintiff describes allegedly inappropriate acts performed by Greenwood and Duggan in May and September of 2014, Plaintiff does not state if these acts constituted deprivations of his First or Fourteenth Amendment rights. Plaintiff does not identify Greenwood or Duggan in his discussion of his First or Second Claims. Thus, Plaintiff fails to allege that Greenwood or Duggan deprived him of specific constitutional rights. Accordingly, Greenwood and Duggan's motion to dismiss Plaintiff's First and Second Claims is granted.

## CONCLUSION

The individual Defendants' motion to dismiss (Dkt. 8) is GRANTED in part and DENIED in part as described in this Opinion and Order. The Court DISMISSES without prejudice Plaintiff's First and Second Claims against Greenwood and Duggan; Plaintiff's Second Claim against Trosclair; and Plaintiff's Third, Fourth, Fifth, Sixth, and Seventh Claims against

the individual Defendants. Plaintiff has leave file an amended complaint within 30 days of the

date of this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 31st day of May, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge